IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SHAWN W. McDIFFETT,**

    **Plaintiffs,**

    v.                       **CASE NO. 17-3053-SAC-DJW**

**DARRELL FROMM, et al.,**

    **Defendants.**

## ORDER

Plaintiff bring this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Although Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"), the events giving rise to his Complaint took place during his incarceration at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").

Plaintiff alleges that when he was transferred to EDCF on November 23, 2016, he notified staff of his various allergies, which included peanut butter. It appeared as though the nurse processing Plaintiff recorded these allergies. After Plaintiff was assigned to his cell, he again advised staff of his peanut allergy and that a special tray and handling precautions were needed. Despite the use of a special-colored food tray with the allergy noted, Plaintiff still encountered problems with the handling and delivery of his food tray. Some days there would be peanut butter on his tray and other days staff would serve him a vegetarian or high-protein tray. On one occasion Plaintiff's tray was returned to the kitchen because it contained peanut butter. When the tray was returned to Plaintiff a hard-boiled egg had been added to the tray, but the peanut butter was still on the tray. Staff then attempted to scrape off the peanut butter with a spork and returned the tray to Plaintiff. Plaintiff alleges that on 17 out of 39 days, his meal tray

1

was incorrectly prepared, handled or delivered to Plaintiff. On January 8, 2017, Plaintiff suffered from an allergic reaction while eating his breakfast. Upon inspection of his food tray, he discovered peanut butter smeared on the inside of the food slot and along the outside edges of the tray. Plaintiff was assured by the Segregation Review Board and by Defendant Fromm that the situation had been taken care of. Despite that assurance, on January 23, 2017, Plaintiff was served a tray containing peanut butter. Plaintiff alleges that all facility departments, including Corizon, Aramark and EDCF Administrative Staff, were put on notice and demonstrated deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Plaintiff names multiple EDCF, Aramark and Corizon staff as defendants. Plaintiff seeks a declaratory judgment, compensatory damages, nominal damages and punitive damages.

Plaintiff filed a Motion for Appointment of Counsel (Doc. 3). Plaintiff asks the Court to appoint counsel to represent him because Plaintiff is unable to afford counsel, Plaintiff has limited access to the law library, Plaintiff has extremely limited knowledge of the law, and Plaintiff's supplies are limited.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in

any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

The Court finds that proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate EDCF officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for appointment of counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED THAT:**

(1) The report required herein shall be filed no later than sixty (60) days from the date of this Order.

(2) Officials responsible for the operation of the EDCF are directed to undertake a review of the subject matter of the Complaint:

> (a) to ascertain the facts and circumstances;
>
> (b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint;

(c) to determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying Plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the EDCF to interview all witnesses having knowledge of the facts including Plaintiff.

(5) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report requested herein has been prepared and filed.

(6) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Complaint and the report required herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED that** the clerk of court shall enter the KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 25th day of August, 2017.**

**s/ David J. Waxse**
**David J. Waxse**
**U. S. Magistrate Judge**
