IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAWN W. McDIFFETT,

    **Plaintiffs,**

    v.                                    CASE NO. 17-3053-SAC

DARRELL FROMM, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff bring this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Although Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"), the events giving rise to his Complaint took place during his incarceration at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). Plaintiff alleges that all facility departments, including Corizon, Aramark and EDCF Administrative Staff, were put on notice and demonstrated deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

On August 25, 2017, the Court entered an Order (Doc. 6) finding that the proper processing of Plaintiff's claims could not be achieved without additional information from appropriate EDCF officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). The Court ordered the officials responsible for the operation of EDCF to conduct a review and submit a written *Martinez* report.

On December 5, 2017, the Court entered a Memorandum Order and Order to Show Cause ("MOSC") (Doc. 19), giving Plaintiff until January 5, 2018, to either show cause why his case should not be dismissed for the reasons set forth in the MOSC or to file a proper amended

complaint.  In the MOSC, the Court found that:  Plaintiff's allegation that he suffered a slight allergic reaction on one occasion fails to allege that he is "incarcerated under conditions posing a substantial risk of serious harm"; Plaintiff fails to allege "deliberate indifference" by any defendant; Plaintiff alleges no facts showing that any particular defendant both knew of and disregarded an excessive risk to his health or safety; Plaintiff's claims at best suggest negligence; and Plaintiff's claims are subject to dismissal for failure to state a claim of cruel and unusual punishment.

The Court's MOSC required Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated therein.  Plaintiff was also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed therein.  The MOSC provides that "[i]f Plaintiff does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint."  Plaintiff has failed to address the deficiencies and has failed to file an amended complaint.   The Court finds that this case should be dismissed due to the deficiencies set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 9th day of January, 2018.**

S/ Sam A. Crow
**Sam A. Crow**
**U.S. Senior District Judge**
